**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| DASSAULT SYSTEMES DEUTSCHLAND GmbH,<br><br>*Plaintiff,*<br><br>- v.-<br><br>SENSONG AN,<br>*Defendant.* | Case No.: 4:26-cv-1733 |

**PLAINTIFF DASSAULT SYSTEMES DEUTSCHLAND GMBH'S COMPLAINT AND JURY DEMAND**

1. Plaintiff Dassault Systèmes Deutschland GmbH. ("Plaintiff" or "Dassault"), by and through its undersigned counsel and for its Complaint against Defendant Sensong An ("An") hereby alleges as follows:

## NATURE OF THE ACTION

2. This is a copyright infringement and circumvention of technological measures action, arising out of An's unauthorized and willful use and copying of Dassault's CST Studio Suite software package.

## THE PARTIES

3. Plaintiff DS Deutschland is a German corporation, having a principal place of business at Bad Nauheimer Strasse 19, Darmstadt, 64289, Germany.

4. On information and belief, Defendant An is an adult individual residing at 1012 Red Coal Dr, Denton, Texas 76201.

## JURISDICTION AND VENUE

5. This action arises under 17 U.S.C. § 101 et seq. for infringement of copyrights owned by Dassault, and for circumvention of technological measures of works owned by Dassault.

6. This Court has subject matter jurisdiction over these copyright infringement and circumvention claims pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

7. This Court has personal jurisdiction over An because, among other things, An resides in and conducts business in Texas and in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(a).

## BACKGROUND

### Dassault and the Copyrighted Works

9. Dassault is the creator, author, and owner of the software code for the CST Studio Suite software package, which is a 3D Electromagnetic analysis software package.

10. Dassault has created, authored, and is the owner of various "releases" of CST Studio Suite, each building upon the prior release.

11. Dassault owns many copyright registrations for the CST Studio Suite software package, including the registrations in Table 1 below, also attached as Exhibit 1, hereto.

| Registration Number | Registration Name |
|---|---|
| TX 0008876682 | CST Studio Suite 2018 |
| TX 0008889155 | CST Studio Suite 2019 |
| TX 0009230477 | CST Studio Suite 2022 |

Table 1

**Detection of Infringement by Defendant**

12. CST Studio Suite incorporates detection and monitoring technology that detects and identifies use of unlicensed and unauthorized copies of the CST Studio Suite and transmits identifying data to Dassault over the internet when such unauthorized uses occur.

13. Through its monitoring technology, Dassault detected at least 2,321 uses of unlicensed and unauthorized copies of the CST Studio Suite software on at least seven different computers having Media Access Control ("MAC") addresses as shown below in Table 2 (the "Computers").

| Computer | Mac Addresses | Unauthorized Software |
|---|---|---|
| 1 | d45d64d7223d<br>f4a475aab798<br>f4a475aab799<br>f4a475aab79c<br>345a60571d10<br>00155d3de48f<br>00155d38f26f<br>00155dca6a51 | CST Studio Suite 2019<br>CST Studio Suite 2022 |

| | | |
|---|---|---|
| 2 | 54e4ed75428e<br>84470959c043<br>84470959c045<br>54e4ed75428f<br>54e4ed754292 | CST Studio Suite 2022 |
| 3 | 107c6159dfff<br>107c6159dffe | CST Studio Suite 2019 |
| 4 | 28a44ad8d349<br>8447095a2358<br>8447095a2356<br>28a44ad8d34a<br>28a44ad8d34d | CST Studio Suite 2022 |
| 5 | 28a44adaac82<br>8447095a23a5<br>8447095a23a4<br>28a44adaac83<br>28a44adaac86 | CST Studio Suite 2022 |
| 6 | b8f775be8dd1<br>844709674fa3<br>844709674fa0<br>b8f775be8dd2<br>b8f775be8dd5 | CST Studio Suite 2022 |
| 7 | 844709675387<br>280c509ac3b5<br>844709675398<br>280c509ac3b6 | CST Studio Suite 2022 |

Table 2

*Computer 1*

14. Through its monitoring technology, Dassault detected that 338 of the 2,321 unlicensed and unauthorized uses of CST Studio Suite software occurred on Computer 1.

15. Through its monitoring technology, Dassault detected Wi-Fi Geolocation data showing that 91 of the above-referenced 338 uses of the unlicensed

and unauthorized copies of CST Studio Suite occurred on Computer 1 while the computer was physically located at 1012 Red Coal Dr, Denton, Texas 76201 between November 1, 2024 and October 13, 2026.

16. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there during the period between November 1, 2024 and October 13, 2026.

17. Through its monitoring technology, Dassault detected the redacted username "se*****" on Computer 1.

18. Upon information and belief, the username on Computer 1 is "sensong."

19. An's first name is Sensong.

20. Through its monitoring technology, Dassault detected the email domain "mit.edu" on Computer 1.

21. "mit.edu" is the email domain for the Massachusetts Institute of Technology.

22. According to his LinkedIn profile, An previously worked as a Postdoctoral Associate at the Massachusetts Institute of Technology. *See* https://www.linkedin.com/in/sensong-an-37b063136/.

23. Upon information and belief, An uses or previously used an email address having the email domain "mit.edu" to send and receive emails related to his Postdoctoral Associate position at the Massachusetts Institute of Technology.

24. Through its monitoring technology, Dassault detected the email domain "unt.edu" on Computer 1.

25. "unt.edu" is the email domain for the University of North Texas.

26. According to his LinkedIn profile, An currently works as an Assistant Professor at the University of North Texas. *See* https://www.linkedin.com/in/sensong-an-37b063136/.

27. An uses the email address "Sensong.An@unt.edu" to send and receive emails.

28. An used Computer 1.

29. An owns Computer 1.

30. An used unauthorized and unlicensed copies of CST Studio Suite on Computer 1.

*Computer 2*

31. Through its monitoring technology, Dassault detected that at least 810 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 2.

32. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that all 810 of the above-identified uses of unauthorized and unlicensed copies of the CST Studio Suite software occurred while Computer 2

was physically located at 1012 Red Coal Dr, Denton, Texas 76201 between December 19, 2025 and March 20, 2026.

33. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there during the period between December 19, 2025 and March 20, 2026.

34. Through its monitoring technology, Dassault detected the username "An" on Computer 2.

35. "An" is Defendant An's surname.

36. An used Computer 2.

37. An owns Computer 2.

38. An used unauthorized and unlicensed copies of CST Studio Suite software on Computer 2.

*Computer 3*

39. Through its monitoring technology, Dassault detected that 4 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 3.

40. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that all 4 of the above-identified uses of unauthorized and unlicensed copies of the CST Studio suite software occurred while Computer 3 was physically located at 1012 Red Coal Dr, Denton, Texas 76201 on January 7, 2026.

41. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there on January 7, 2026.

42. An used Computer 3.

43. An owns Computer 3.

44. An used unauthorized and unlicensed copies of CST Studio Suite software on Computer 3.

*Computer 4*

45. Through its monitoring technology, Dassault detected that 442 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 4.

46. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that all of the 442 above-identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred while Computer 4 was physically located at 1012 Red Coal Dr, Denton, Texas 76201 between January 19, 2026 and March 12, 2026.

47. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there during the period between January 19, 2026 and March 12, 2026.

48. Through its monitoring technology, Dassault detected the username "An" on Computer 4.

49. "An" is Defendant An's surname.

50. An used Computer 4.

51. An owns Computer 4.

52. An used unauthorized and unlicensed copies of CST Studio Suite software on Computer 4.

*Computer 5*

53. Through its monitoring technology, Dassault detected that 682 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 5.

54. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that all of the 682 above-identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred while Computer 5 was physically located at 1012 Red Coal Dr, Denton, Texas 76201 between January 20, 2026 and March 20, 2026.

55. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there during the period between January 20, 2026 and March 20, 2026.

56. Through its monitoring technology, Dassault detected the username "An" on Computer 5.

57. "An" is Defendant An's surname.

58. An used Computer 5.

59. An owns Computer 5.

60. An used unauthorized and unlicensed copies of CST Studio Suite software on Computer 5.

<u>*Computer 6*</u>

61. Through its monitoring technology, Dassault detected that 39 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 6.

62. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that all of the 39 above-identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred while Computer 6 was physically located at 1012 Red Coal Dr, Denton, Texas 76201 between March 17, 2026 and March 20, 2026.

63. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there during the period between March 17, 2026 and March 20, 2026.

64. Through its monitoring technology, Dassault detected the username "An" on Computer 6.

65. "An" is Defendant An's surname.

66. An used Computer 6.

67. An owns Computer 6.

68. An used unlicensed and unauthorized copies of the CST Studio Suite software on Computer 6.

*Computer 7*

69. Through its monitoring technology, Dassault detected that 2 of the 2,321 identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred on Computer 7.

70. Through its monitoring technology, Dassault detected Wi-Fi geolocation data showing that both of the above-identified uses of unlicensed and unauthorized copies of the CST Studio Suite software occurred while Computer 7 was physically located at 1012 Red Coal Dr, Denton, Texas 76201 on March 19, 2026.

71. An currently resides at 1012 Red Coal Dr, Denton, Texas 76201, and resided there on March 19, 2026.

72. Through its monitoring technology, Dassault detected the username "An" on Computer 7.

73. "An" is Defendant An's surname.

74. An used Computer 7.

75. An owns Computer 7.

76. An used unlicensed and unauthorized copies of the CST Studio Suite software on Computer 7.

**Infringement and Circumvention by An**

77. Upon information and belief, the Computers referenced in Table 2 are owned by An.

78. Upon information and belief, the Computers are currently within the custody, possession and/or control of An.

79. On his LinkedIn profile, An lists "CST Microwave Studio" as one of his Skills. *See* https://www.linkedin.com/in/sensong-an-37b063136/details/skills/.

80. CST Microwave Studio is part of the CST Studio Suite.

81. On his LinkedIn profile, An specifies that his "research interest is focused on the design of RF/Microwave circuits[,] components, [and] Metamaterials/Metasurfaces." *See* https://www.linkedin.com/in/sensong-an-37b063136/.

82. CST Studio Suite is capable of supporting research in all of these areas, including the design and simulation of RF/microwave circuits and components, metamaterials, and metasurfaces.

83. An used CST Studio Suite.

84. An does not have a license to use CST Studio Suite.

85. The Computers have been used by An.

86. An downloaded one or more copies of CST Studio Suite from the internet.

87. An installed one or more copies of CST Studio Suite on the Computers.

88. Through its monitoring technology, Dassault detected that the versions of CST Studio Suite on the computers had been cracked by a program used to defeat the purposes of Dassault's access control measures.

89. An ran the crack program on the Computers following the installation of CST Studio Suite.

90. Each time An ran a cracked version of CST Studio Suite, he bypassed Dassault's access control measures.

91. An launched (executed) and/or used one or more unlicensed and unauthorized copies of CST Studio Suite on the Computers.

92. An did not have authorization from Dassault to launch (execute) and/or use CST Studio Suite for the above-referenced unlicensed and unauthorized uses.

93. An has been using CST Studio Suite software packages without authorization or permission from Dassault.

**<u>Notice of Infringement to Defendant An</u>**

94. Between March 19, 2026 and March 25, 2026, Dassault contacted An in order to discuss the possibility of resolving An's unlicensed and unauthorized use of CST Studio Suite via a series of emails. No resolution was reached.

95. Between April 20, 2026 and April 28, 2026, counsel for Dassault contacted An regarding the possibility of resolving An's unlicensed and

unauthorized use of CST Studio Suite via a series of emails. Again, no such resolution was reached. Emails from this series of conversations are attached as Exhibit 2, hereto.

96. Despite these repeated requests to cease and desist the unlicensed and unauthorized use of Dassault's software throughout these negotiations, An continues to use unlicensed and unauthorized copies of Dassault's CST Studio Suite software.

**COUNT I**

**FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

97. Dassault repeats and incorporates herein each of the preceding paragraphs.

98. CST Studio Suite, including CST Studio Suite 2019 and CST Studio Suite 2022, is an original work of Dassault and is protectable by the copyright laws of the United States.

99. Dassault owns all rights and title to the copyrights for CST Studio Suite.

100. An downloaded the CST Studio Suite 2019 and CST Studio Suite 2022 releases of the CST Studio Suite software to a computer storage unit, such as a hard disk drive, via the Internet, thereby creating a copy of the CST Studio Suite software without authorization or permission from Dassault.

101. Subsequent to downloading a copy of CST Studio Suite, An installed, executed, and used the CST Studio Suite software on one or more computers without authorization or permission from Dassault.

102. Each time An executed CST Studio Suite, An caused a computer to copy the CST Studio Suite software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g., random access memory (RAM) without authorization or permission from Dassault.

103. An executed CST Studio Suite on at least the above-identified Computers.

104. By making unauthorized copies of CST Studio Suite as described above, An infringed and violated (directly and/or indirectly) Dassault's copyrights in CST Studio Suite and the CST Studio Suite Copyright Registrations, including at least Dassault's exclusive right under 17 U.S.C. § 106(1) "to reproduce the copyrighted work in copies."

105. An's infringement and violation of Dassault's copyrights has been knowing and willful.

106. Dassault has been damaged by the aforementioned infringement.

## COUNT II

## CIRCUMVENTION OF TECHNOLOGICAL MEASURES (17 U.S.C. § 1201)

107. Dassault repeats and incorporates herein each of the preceding paragraphs.

108. CST Studio Suite includes technological measures that effectively control access to the CST Studio Suite software, including a requirement during installation to input an authorized License Key provided by Dassault to properly-licensed users of CST Studio Suite to "unlock" CST Studio Suite and thereby allow the installation, subsequent use of, and access to CST Studio Suite.

109. An did not receive an authorized License Key from Dassault for the above referenced unlicensed and unauthorized uses.

110. Upon information and belief, An circumvented the technological measures incorporated in CST Studio Suite to gain access to CST Studio Suite by avoiding, bypassing, deactivating, or otherwise impairing such technological measures, including at least during the installation of CST Studio Suite.

111. Upon information and belief, An used a crack program to avoid, bypass, deactivate, or otherwise impair such technological measures.

112. By avoiding, bypassing, deactivating, or otherwise impairing the technological measures to control access to CST Studio Suite, including by avoiding,

bypassing, deactivating, or otherwise impairing the input of an authorized License Key, during the installation process, An violated 17 U.S.C. § 1201.

113. Each time An used CST Studio Suite as modified by the crack program, An violated 17 U.S.C. § 1201 by avoiding, bypassing, deactivating, or otherwise impairing CST Studio Suite's technological measures.

114. Dassault has been damaged by An's above-described circumvention.

## PRAYER FOR RELIEF

WHEREFORE, Dassault prays for relief as follows:

A. For a judgment determining that An infringed Dassault's copyrights in violation of 17 U.S.C. § 501;

B. For a judgment determining that An has circumvented a technological measure that controls access to the CST Studio Suite software in violation of 17 U.S.C. § 1201;

C. For a finding that such infringement and/or circumvention was willful;

D. For a judgment preliminarily and permanently enjoining and restraining An from directly or indirectly infringing Dassault's copyrights;

E. For a judgment awarding Dassault (i) its actual damages in an amount to be determined in excess of $75,000, (ii) any profits of An, (iii) statutory damages

of $150,000 per act of infringement, and (iv) costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. §§ 504 and 505;

F. For a judgment awarding Dassault (i) their actual damages in an amount to be determined in excess of $75,000, (ii) any profits of An, (iii) statutory damages of $2,500 per act of circumvention, and (iv) costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. § 1203;

G. For a judgment awarding Dassault any other damages to which it is entitled under statute or common law; and

H. For such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Dassault hereby demands a trial by jury in this action.

Respectfully Submitted,

*/s/Scott Yackey*
Scott E. Yackey (TX Bar No. 24100052)
Harness, Dickey & Pierce PLC
2600 Network Blvd
Suite 230
Frisco, TX 75034
Tel: 469-777-5423
Email: syackey@harnessip.com

Glenn E. Forbis (pro hac vice forthcoming)
Jeremiah J. Foley (pro hac vice forthcoming)
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200

Troy, MI 48098
248-641-1600
gforbis@harnessip.com
jfoley@harnessip.com

*Counsel for Plaintiff*